IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| SHARON D. LOGAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | NO. 5:19-CV-169-FL |
| DILLARD'S DEPARTMENT STORE OF WINSTON SALEM, | ) ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

- - - - -

| | | |
|---|---|---|
| SHARON D. LOGAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | NO. 5:19-CV-439-FL |
| DILLARD'S DEPARTMENT STORE OF WINSTON SALEM, | ) ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

These matters are before the court on its own initiative to address duplicative actions and issues raised by defendant's motion for lack of jurisdiction and for more definite statement (DE 19) filed in case No. 5:19-CV-439 (the "439 action"). The court is in receipt of substantially similar letters by plaintiff in support of her claims, which the clerk has filed as a case opening document in case No. 5:19-CV-169 (the "169 action"), and which defendant has filed as a notice

(DE 21) in the 439 action. For the following reasons, the court consolidates these matters going forward, grants defendant's motion in conjunction with frivolity review of the action, and directs plaintiff to file an amended complaint addressing deficiencies raised.

## BACKGROUND

Plaintiff commenced the 169 action pro se by letter complaint without filing fee, on April 26, 2019, asserting claims arising out of an incident in a Dillard's Department Store in Winston Salem, North Carolina, in which plaintiff allegedly was apprehended for shoplifting, and received injuries, when a "Lost Prevention" officer at the store allegedly "beat [her] down to the floor," "broke four of [her] ribs[,] and cracked [her] knee." (Compl. at 1). Plaintiff does not identify a legal theory in support of her claim, and she does not allege an amount in controversy. According to the complaint, plaintiff currently is incarcerated at women's prison in Raleigh, North Carolina, and maintains a residence in Lenoir, North Carolina.

In response to deficiency order entered April 30, 2019, plaintiff filed motion for leave to proceed in forma pauperis. The court granted leave to proceed in forma pauperis on May 21, 2019, while directing plaintiff to cure deficiencies in the form of documents received. The court directed the clerk to issue summonses prepared by plaintiff, and the court directed the United States Marshal to serve the summonses and complaint upon defendant.

Defendant entered appearance on August 9, 2019, and upon extension of time granted, filed the instant motion to dismiss for lack of jurisdiction and for more definite statement on September 12, 2019. Defendant filed notice in the 169 action attaching a letter by plaintiff dated September 19, 2019, which substantially repeats the allegations of the complaint. The clerk of court received a letter in nearly identical terms and docketed it as a complaint in the 439 action. The court entered order of deficiency on October 8, 2019, in the 439 action, noting

multiple deficiencies, and directing response in 14 days.

## COURT'S DISCUSSION

A.  Consolidation of 439 Action and 169 Action

Given that the case opening document in the 439 action and the complaint in the 169 action raise substantially similar allegations of fact in letter form, the court hereby consolidates the actions. The clerk is DIRECTED to hereinafter make all filings in the 169 action, which shall be considered henceforth the lead case and the only active case in the consolidated action. The 439 action is closed to further filings, and the court VACATES its deficiency order in the 439 action. In its place, the court provides direction to plaintiff as set forth below for purposes of maintaining the instant action.

B.  Frivolity Review and Motion to Dismiss

Where plaintiff commenced this action without filing fee, pursuant to an application to proceed in forma pauperis, the court conducts frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B), in conjunction with issues raised by the instant motion to dismiss.

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). A complaint may be found frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Additionally, a complaint fails to state a claim if it does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," sufficient to "allow[ ] the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, plaintiff must plead facts providing the court with jurisdiction over the case. Pinkley, Inc. v. City of Frederick, MD., 191 F.3d 394, 399 (4th Cir. 1999).

In this case plaintiff's complaint suffers multiple deficiencies. First, plaintiff has not pleaded facts upon which this court can determine jurisdiction to hear this case. Plaintiff has not alleged elements of diversity jurisdiction on the face of the complaint. New River Lumber Co. v. Graff, 889 F.2d 1084 (4th Cir. 1989). Nor has she pleaded or asserted any federal claim, to permit exercise of federal question jurisdiction. Davis v. Pak, 856 F.2d 648, 650 (4th Cir. 1988).

Second, plaintiff has not met minimal pleading requirements to state a claim for relief. Federal Rule of Civil Procedure 8(a) requires that a pleading contain 1) "a short and plain statement of the grounds upon which the court's jurisdiction depends"; 2) "a short and plain statement of the claim showing that the pleader is entitled to relief"; and 3) "a demand for the relief sought." Fed. R. Civ. P. 8(a). Plaintiff has not met these requirements, particularly with respect to the defendant named.

Accordingly, upon frivolity review and consideration of defendant's motion to dismiss, the court grants defendant's motion and dismisses plaintiff's action without prejudice for multiple pleading deficiencies. The court allows plaintiff an opportunity to file an amended complaint in light of the deficiencies noted herein. The court DIRECTS plaintiff to file one amended complaint particularizing her claim(s) within **21 days** of entry of this order. Plaintiff is advised that the amended complaint will be considered the complaint in its entirety and the court will not review plaintiff's prior filings to identify misplaced claims. In the event plaintiff

fails to respond to this order, the clerk shall, without further order of the court, close this case on the basis of this order.

## CONCLUSION

Based on the foregoing, the court CONSOLIDATES the instant actions. The clerk is DIRECTED to hereinafter make all filings in the 169 action, which shall be considered henceforth the lead case and the only active case in the consolidated action. The 439 action is closed to further filings and the court VACATES its deficiency order in the 439 action. Upon frivolity review of the remaining action, and upon consideration of issues raised defendant's motion to dismiss, the court GRANTS defendant's motion, DISMISSES WITHOUT PREJUDICE plaintiff's action for lack of subject matter jurisdiction, and allows plaintiff an opportunity to file an amended complaint. The court DIRECTS plaintiff to file one amended complaint particularizing her claim(s) within **21 days** of entry of this order, in accordance with the terms set forth herein. In the event plaintiff fails to respond to this order, the clerk shall, without further order of the court, close this case on the basis of this order.

SO ORDERED, this the 9th day of October, 2019.

_____
LOUISE W. FLANAGAN
United States District Judge